IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| CATHY L. TOOLE | § | PLAINTIFF |
| | § | |
| | § | |
| V. | § | Civil No. 1:11CV508-HSO-RHW |
| | § | |
| | § | |
| PRESIDENT BARACK OBAMA, *et al.* | § | DEFENDANTS |

### ORDER *SUA SPONTE* DISMISSING CASE FOR
### LACK OF SUBJECT MATTER JURISDICTION

This cause is before the Court *sua sponte*. The Court has a continuing duty to examine subject matter jurisdiction and is required to dismiss any action over which it lacks such jurisdiction. *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982); *Warren v. United States*, 874 F.2d 280, 281-82 (5th Cir. 1989); Fed. R. Civ. P. 12(h)(3).

### I. BACKGROUND

Plaintiff initiated this action by filing her Complaint [1] on December 27, 2011. After reviewing the Complaint, the Court questioned whether it possessed subject matter jurisdiction over this matter, and entered an Order to Show Cause [8] on February 17, 2012. The Court required Plaintiff to set forth in a written Response the specific causes of action she is asserting in this case and the basis or bases for this Court's jurisdiction, and to show cause why this action should not be dismissed for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3). Order [8], at pp. 2–3. Plaintiff filed her Response [10] on

February 28, 2012.

## II.  DISCUSSION

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over those matters specifically designated by the Constitution or Congress.  *Epps v. Bexar-Medina-Atascosa Counties Water Improvement Dist. No. 1*, 665 F.2d 594, 595 (5th Cir. 1982).  Dismissal of a cause of action for lack of jurisdiction is appropriate if "the court lacks the statutory or constitutional power to adjudicate the case."  *John Corp. v. City of Houston*, 214 F.3d 573, 576 (5th Cir. 2000) (quoting *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998)).

The Complaint appears to solely challenge the decision of the United States Department of Veterans Affairs [the "VA"] to deny Plaintiff and her late husband certain veterans' benefits.  *See id.*[1]  Plaintiff likewise states in her Response [10] that she is "fighting for benefits owed to [her] husband James Luther Toole, long pass [sic] due."  Resp. [10], at p. 1 (emphasis in original).  She claims that the VA "never paid [her] husband honestly since March 1985 . . . ."  *Id.*

A district court is precluded from hearing challenges to individual benefits

---

[1] Plaintiff has previously brought similar suits in this Court.  *See Cathy Toole v. Allen Weinstein, et al.*, 1:06cv716-LG-JMR, filed July 26, 2006; *Cathy Toole v. James B. Peak, et al.*, 1:08cv1481-LG-RHW, filed January 9, 2009; and *Cathy L. Toole v. President Barack Obama, et al.*, 1:10cv418-LG-RHW, filed August 20, 2010.  Two of these lawsuits, *Cathy Toole v. Allen Weinstein, et al.*, 1:06cv716-LG-JMR, and *Cathy Toole v. James B. Peak, et al.*, 1:08cv1481-LG-RHW, were dismissed for lack of subject matter jurisdiction on December 6, 2006, and May 8, 2009, respectively.  The latter dismissal was affirmed by the Fifth Circuit Court of Appeals on January 19, 2010.  *Toole v. Peak*, 361 F. App'x 621, 2010 WL 183484 (5th Cir. 2010).

determinations by the VA. *Zuspann v. Brown*, 60 F.3d 1156, 1159 (5th Cir. 1995) (citing 38 U.S.C. § 511). Plaintiff's claims here challenge the denial or denials of veterans' benefits by the VA. Accordingly, the Court clearly lacks subject matter jurisdiction over Plaintiff's claims, and this case must be dismissed. *Id.*; *see also* 38 U.S.C. § 511.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED**, that this civil action is **DISMISSED** for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3).

**IT IS, FURTHER, ORDERED AND ADJUDGED**, that any remaining pending Motions are **DENIED AS MOOT**.

**SO ORDERED AND ADJUDGED**, this the 7th day of March, 2012.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE